IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.       No. CR 19-1181 RB

LEANNE MARIE LAWRENCE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Ms. Lawrence's Motions for Compassionate Release, filed on August 2, 2021. (Docs. 34; 43.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED**.

**I.   Background**

On November 4, 2019, Ms. Lawrence pled guilty to one count of a Superseding Information charging possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (Doc. 24; *see also* Docs. 14; 25.) On December 12, 2019, the Court sentenced Ms. Lawrence to 90 months imprisonment. (Doc. 32.)

With good time credits, Ms. Lawrence has served approximately 35 months or 39% of her sentence. Her anticipated release date is July 31, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 22, 2021). She now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce her sentence due to the COVID-19 pandemic. (*See* Doc. 43.)

1

**II.     Discussion**

Ms. Lawrence seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Ms. Lawrence filed such a request with the warden of FCI Dublin on January 8, 2021, and the warden denied the request on February 2, 2021. (*See* Docs. 43 at 3; 43-A at 1–5.) "The denial instructed Ms. Lawrence that she could commence an appeal of the decision 'via the Administrative Remedy process' by submitting her concerns on the Request for Administrative Remedy form . . . ." (*See* Doc. 43-A at 5.) Ms. Lawrence submitted such a request on February 24, 2021, which was denied on March 25, 2021. (*See* Doc. 43 at 3; 43-A at 6–7.) The Government concedes that she has exhausted her administrative remedies. (*See* Docs. 43 at 3; 45 at 2.)

Ms. Lawrence asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 43 at 4–5.) She argues that her medical conditions—allergies, obesity, asthma, depression, and anxiety—put her at risk for severe illness from COVID-19. (*Id.*) The Government disputes Ms. Lawrence's assertion that she suffers from asthma, as there is no record of that diagnosis in her BOP medical records. (Doc. 45 at 10.) Ms. Lawrence contends

that "she has always had asthma" and "has received education on exercise induced asthma" while in BOP custody. (Doc. 48 at 4; *see also* Doc. 43-B at 9.) While this may be true, Ms. Lawrence fails to submit documentation that she has an asthma diagnosis; thus, the Court will not consider it for purposes of this motion. (*See* Doc. 43-B at 166 (health assessment form recorded a response of "no" next to "asthma").)

Of her remaining medical conditions, the Government acknowledges that the CDC lists obesity as a medical condition that "can make you more likely to get severely ill from COVID-19." *See Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021). (Doc. 45 at 10.) Ms. Lawrence, with a body mass index (BMI) of 34,[1] has Class 1 obesity. *See Adult Body Mass Index*, CDC, https://www.cdc.gov/obesity/adult/defining.html (last reviewed June 7, 2021). The Government contends, though, that Ms. Lawrence is young (in her 30's), "and her overall health is good, notwithstanding her obesity." (*Id.*) Her obesity is being well-managed, and she has received both doses of the Moderna COVID-19 vaccine. (*Id.* at 10, 12.) Moreover, Ms. Lawrence contracted COVID-19 in December 2020, and she has not presented evidence that she suffered any serious effects from her illness. (*See* Docs. 43-B at 37; 48 at 5.) Finally, while FCI Dublin has 197 inmates who have recovered from COVID-19, it appears that the facility has gotten the pandemic under control for the moment and currently has only one positive inmate cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 22, 2021). The Government argues that under these circumstances, the risk presented from her obesity does not constitute extraordinary and compelling circumstances that qualify for

---

[1] "A BMI of 30 kg/m² or higher is considered obese." Body Mass Index (BMI) In Adults, https://www.heart.org/en/healthy-living/healthy-eating/losing-weight/bmi-in-adults (last reviewed Aug. 1, 2014).

potential release in the face of the pandemic. (Doc. 45 at 11–14.) The Court declines, however, to expressly make this determination, because other factors weigh against a sentence reduction.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

4

>community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Ms. Lawrence's drug trafficking crime, her criminal history, and her conduct while incarcerated show that she presents a danger to the community. (Doc. 45 at 17–18.) The Court agrees. Ms. Lawrence transported over 2 net kilograms of methamphetamine in the base of a child safety seat in which her young child was sitting. (Doc. 16 (PSR) ¶ 9.) Ms. Lawrence's participation in drug trafficking is a danger in itself. The Court finds Ms. Lawrence's willingness to "use[] or attempt[] to use her daughter to avoid detection of, or apprehension for, her actions" particularly dangerous and distasteful. (*Id.* ¶ 11.)

Ms. Lawrence was assigned a criminal history category of III due to a lengthy criminal history that began 15 years prior and included multiple instances of criminal trespass, burglary, theft, and driving while intoxicated. (*See id.* ¶¶ 29–37.) Finally, in July 2021, Ms. Lawrence was disciplined for "mail abuse," a charge serious enough to warrant the disallowance of 27 days of good time credit, 90 days of commissary, email, MP3, and radio, and 180 days of phone (suspended pending clear conduct). (*See* Doc. 45-1.) In short, the Court finds that the § 3553(a) factors counsel against a sentence reduction in this case.

The Court strongly encourages Ms. Lawrence to participate in counseling and other drug abuse prevention and educational programming to improve her chances at a successful transition.

**THEREFORE**,

**IT IS ORDERED** that Ms. Lawrence's Motions for Compassionate Release (Docs. 34; 43) are **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE